UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:24-cv-00649

BURTON CUMMINGS, an
individual *d/b/a* SHILLELAGH
MUSIC COMPANY,

        Plaintiff,

v.

MICHAEL ELKO, an individual
*d/b/a* ELKO CONCERTS; and CITY
OF DAYTONA BEACH, a municipality,

        Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Burton Cummings *d/b/a* Shillelagh Music Company ("Cummings"), files this complaint for copyright infringement against defendants, Michael Elko *d/b/a* Elko Concerts ("Elko") and the City of Daytona Beach (together, "Defendants").

**INTRODUCTION**

1. Cummings is a legendary musician, songwriter and performer. He is best known as the lead singer of Canadian rock band The Guess Who from 1965 to 1975, where his signature voice propelled the band to the top of the charts.[1]

2. The Guess Who was one of the most successful and well-known rock bands from the 1960s and 1970s, and the first Canadian rock band to achieve international acclaim.

3. As The Guess Who's lead singer, Cummings wrote and/or performed the band's

---

[1] *Rolling Stone* magazine hailed The Guess Who as "one of rock's most consistently fascinating maverick bands," with a succession of hit songs that has few equals among contemporary North American groups. Ken Barnes, ROLLING STONE, *Review: The Guess Who - Road Food*, June 20, 1974.

biggest hits, including the rock anthem "American Woman."  In 1980, Cummings, through Shillelagh Music Company, acquired all rights to the musical compositions for a number of The Guess Who's greatest hits, including: "American Woman," "No Sugar Tonight," "No Time" and "These Eyes" (collectively, the "Musical Compositions").

4.      Michael Elko is the owner of Elko Concerts, the self-described "biggest independent concert promoter" in Melbourne, Florida.  Elko promotes a mixture of comedic and music events, with a focus on booking cover bands and tribute acts.  Get the Led Out (a Led Zeppelin tribute band), Brit Floyd (a Pink Floyd cover band) and Hotel California: A Salute to the Eagles (an Eagles imitation group) are among the bands that Elko is currently promoting at Florida venues.

5.      In promoting the performance of a Guess Who cover band at the Peabody Auditorium in Daytona Beach, Defendants synchronized, reproduced, and publicly broadcast Cummings' copyrighted Musical Compositions in an audiovisual work without obtaining a synchronization license.[2]

6.      Defendants' use of Cummings' Musical Compositions without synchronization licenses constitute copyright infringement.

## JURISDICTION AND VENUE

7.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

8.      The Court has jurisdiction over this action pursuant to 17 U.S.C. §§ 101 *et seq.*, 28

---

[2] "In order to use a musical composition as part of an audiovisual work (*i.e.*, the 'synchronization' of musical compositions with the content of audiovisual works), a person must obtain a 'synchronization license' from the copyright holders of the musical composition." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 527 (9th Cir. 2008). *See also ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 63, n. 4 (2d Cir. 1996) ("A synchronization license is required if a copyrighted musical composition is to be used in 'time-relation' or synchronization with an audiovisual work.").

U.S.C. §§ 1331 and 1338.

9.     The Court has personal jurisdiction over Elko because, among other things, he: (a) has engaged in substantial, continuous, and systematic contacts with Florida by hosting numerous concert events at the King Center, Melbourne Auditorium and Wynfields in Melbourne, Florida and the Peabody Auditorium and Oceanfront Bandshell in Daytona Beach, Florida (collectively, the "Florida Venues"); (b) derived financial benefits from the residents of Florida through the sales of tickets to live events; (c) purposefully directed his unlawful activities at Florida residents by, among other things, unlawfully performing Cummings' copyrighted compositions, without synchronization licenses, to Florida residents; and (d) a substantial part of his wrongful acts were committed in the State of Florida.

10.    The Court has personal jurisdiction over the City of Daytona Beach because: (a) it is located in the State of Florida; and (b) a substantial part of the wrongful acts committed by the City of Daytona Beach occurred in the State of Florida, including distributing and publicly performing Cummings' copyrighted musical works, without synchronization licenses, to Florida residents.

11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants "reside" in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

12.    Cummings is a Canadian-born musician, now residing in Los Angeles County, California. Lauded as "one of the finest voices" in rock music, Cummings' legendary career has culminated in inductions into the Canadian Music Industry Hall of Fame and the Canadian Songwriters Hall of Fame. Cummings remains on the top of his game, performing to audiences in

both the United States and Canada.

13. Elko resides in both Allegheny County, Pennsylvania and Indian Harbour Beach, Florida. Elko does business as Elko Concerts in Pittsburgh, Pennsylvania and Melbourne, Florida. Elko has offices located at 931 North Colonial Court, Indian Harbour Beach, Florida 32937, and purports to have relationships with the Florida Venues.[3]

14. The City of Daytona Beach is a municipality located in Volusia County, Florida. The City of Daytona Beach owns and operates the Peabody Auditorium, a 2,521-seat venue that is home to the Daytona Beach Symphony Society and has hosted events featuring Elvis Presley, Tony Bennett, James Taylor, Liza Minnelli, Frank Sinatra, Jerry Seinfeld and David Copperfield.

## FACTUAL BACKGROUND

**A.  The Trademark Voice of The Guess Who, Cummings Authored the Band's Biggest Hits and Acquired Full Ownership of the Musical Compositions.**

15. Cummings was the lead singer of The Guess Who from 1965 to 1975, before embarking on a successful solo career.

16. During his time with The Guess Who, Cummings wrote or co-wrote the band's chart-topping hits, including the Musical Compositions.

17. With its unmistakable guitar riff and powerful vocals, "American Woman" became The Guess Who's signature hit. Initially released in 1970, "American Woman" skyrocketed to number one on the *Billboard* Hot 100 chart, besting the Jackson 5 and the Beatles. "American Woman" also topped the Canadian charts and became a global phenomenon.[4]

18. "American Woman" has been featured in a number of prominent movies and

---

[3] *See* https://elkoconcerts.com/venues/ (listing the Florida Venues on its home page).

[4] The song was shrouded in controversy, as some interpreted it as a Vietnam-era anti-war song.

television shows, including *American Beauty* and *The Cable Guy*. It was also covered by Lenny Kravitz in May of 1999 for the soundtrack of *Austin Powers: The Spy Who Shagged Me*, and returned to the top 50 charts in the United States and Canada, among other countries.

19. The other Musical Compositions have been similarly successful. Released as the "B-side" of "American Woman," "No Sugar Tonight" reached number one on the *Billboard* Hot 100 chart.

20. Co-written by Randy Bachman, the lead guitarist of the original The Guess Who, "These Eyes" was released in the United States in March of 1969. A departure from the band's hard rock roots, the gentle ballad reached number six on the *Billboard* chart, becoming the band's first single to reach the top ten. "These Eyes" was certified gold and has been covered by numerous artists including Michael Bolton and Natalie Cole. The song was also featured in the 2007 comedy film *Superbad*.

21. "No Time" peaked at number five on the *Billboard* chart and reached number one in Canada.

22. The Musical Compositions remain popular today, ranking among the most recognizable classic rock songs and earning tens of millions of streams.

23. The musical composition copyrights for "American Woman," "These Eyes," and "No Time" were registered with the United States Copyright Office under Form E Foreign Registration Nos. EFO-140219, EFO-138549 and EFO-138264, respectively. Attached as **composite Exhibit 1** are the Form E Registrations.

24. "No Sugar Tonight" was registered with the United States Copyright Office under Form E Foreign Registration No. EFO-140554 and later through Form PA (PA 693-540). Attached as **composite Exhibit 2** are the copyright registrations for "No Sugar Tonight."

25. In 1980, Cummings — through Shillelagh Music — acquired all rights to the musical compositions. Attached as **Exhibit 3** is the December 10, 1980 Assignment of Copyrights between Nimbus 9 Productions Limited and Shillelagh Music. The Assignment is recorded with the United States Copyright Office at Volume 1824, Pages 218–225.

**B. Defendants Promoted the Cover Band's Concert Performance Using Cummings' Copyrighted Musical Compositions Without Permission**.

26. Long after the band broke up in 1975, one or more of Cummings' former bandmates assembled a group of hired musicians ("Cover Band"). The Cover Band performs live shows, record albums, and misleadingly advertises and promotes such concerts and recordings as "The Guess Who," even though most or all of the musicians were *not* part of the original band lineup.

27. The Cover Band's deceptive and misleading acts are currently the subject of litigation brought by Cummings and Bachman in the United States District Court for the Central District of California.[5]

28. The Cover Band performed at the Peabody Auditorium in Daytona Beach, Florida on March 30, 2023 ("Cover Band Concert").[6]

29. Elko promoted the Cover Band Concert, selling tickets through the Elko Concerts website.

30. In promoting the Cover Band Concert, Defendants published a promotional video ("Promotional Video").[7]

---

[5] *See Burton Cummings and Randolph Bachman v. Michael James Kale et al.*, Case No. 2:23-cv-9130 (C.D. Cal.)

[6] The Cover Band is also currently scheduled to play another concert at Peabody Auditorium on April 18, 2024, as well as separate events on April 10, 2024 (Sunrise Theatre) and April 11, 2024 (Florida Theatre). *See* https://elkoconcerts.com/events/.

[7] *See* https://www.facebook.com/peabodyauditorium/videos/764015725220251.

31. The Promotional Video consists of a voiceover touting the Cover Band Concert, while recordings of various musical compositions owned by Cummings – including "No Sugar Tonight," "These Eyes," "No Time," and, most prominently, "American Woman" – are performed.

32. The Promotional Video has been published and displayed on a number of platforms, including the Peabody Auditorium's Facebook Page.

33. By synchronizing and reproducing Cummings' copyrighted Musical Compositions with their Promotional Video without securing a synchronization license from Shillelagh Music, Defendants have infringed Cummings' copyrights and deprived him of the goodwill and royalties to which he is entitled.

## COUNT I
## COPYRIGHT INFRINGEMENT
**(Against All Defendants)**

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint.

35. Defendants have infringed Cummings' copyrights in the Musical Compositions by synchronizing, reproducing, distributing, and publicly performing the compositions as part of the Promotional Video without securing a synchronization license in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

36. Alternatively, Defendants have vicariously or contributorily infringed Cummings' copyrights by having reason to know that infringement was taking place; inducing, encouraging or assisting the infringing conduct of others; and/or declining to exercise the right and ability to supervise or control the infringing activity of others, in which Defendants have a direct financial interest.

37. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of Cummings.

38. As a direct and proximate result of the Defendants' infringement, Cummings is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Cummings is entitled to maximum statutory damages for infringement, or in such other amount as may be proper under 17 U.S.C. § 504(c).

39. Cummings is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

40. As a result of Defendants' conduct, Cummings has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Cummings is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe his musical composition copyrights. Cummings is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Cummings respectfully requests that the Court enter a judgment against Elko and the City of Daytona Beach:

a. For a preliminary and permanent injunction enjoining Defendants from infringing any copyrighted works (or portions thereof) in which Cummings owns or controls an exclusive right under Section 106 of the United States Copyright Act or state law, including without limitation by directly or indirectly copying, synchronizing, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting any of Cumming's copyrighted works, including but not limited to the Musical

Compositions;

  b.  For Defendants' profits and damages in such amount as may be determined; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

  c.  For Cummings' reasonable attorneys' fees and costs;

  d.  For prejudgment interest according to law; and

  e.  For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Cummings respectfully demands a trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  April 4, 2024        Respectfully submitted,

                  **PRYOR CASHMAN LLP**
                  *Attorneys for Plaintiff, Burton Cummings*
                  255 Alhambra Circle, Suite 800
                  Miami, Florida 33134
                  Telephone: (786) 582-3010
                  Facsimile:  (786) 582-3004

                  *s/ James G. Sammataro*
                  James G. Sammataro
                  Florida Bar No. 520292
                  Brendan S. Everman
                  Florida Bar No. 68702
                  jsammataro@pryorcashman.com
                  beverman@pryorcashman.com
                  ksuarez@pryorcashman.com